### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHONA BANDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-1075-JTM-KGG |
| ) | |
| STATE OF KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM & ORDER ON
### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff's federal court Complaint alleges violations of her Constitutional rights relating to her use of "medical" cannabis. Plaintiff also seeks declaratory and injunctive relief. In conjunction with her federal court Complaint, Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as her financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status.

### ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 38 years old and divorced, with two dependents.  (Doc. 3-1, sealed, at 1-2.)  The Court notes that one of these dependents is listed as 19 years old and, therefore, is not technically a legal dependent.  Plaintiff is currently self-employed as a massage therapist, earning a modest income.  (*Id*., sealed, at 2.)  The only income she lists from other sources is a small amount under "gifts or inheritances."  (*Id*., at 4-5.)  Plaintiff does not own real property but does own a modest automobile with little residual value.  (*Id*., at 4.)  She lists the typical monthly expenses, including reasonable amounts for rent, groceries, gas, automobile insurance, and utilities.

(*Id*., at 5.)  She indicates only a small amount of cash on hand.  (*Id*.)  She has never filed for bankruptcy, but does list a significant amount of legal fees.  (*Id*., sealed, at 5-6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 27th day of April, 2016.

                                     S/ KENNETH G. GALE
                                     KENNETH G. GALE
                                     United States Magistrate Judge