IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S<small>HONA</small> B<small>ANDA</small>,

        Plaintiff,

vs.                                    Case No. 16-1075-JTM

S<small>TATE OF</small> K<small>ANSAS</small>, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The possession of cannabis is illegal in Kansas. K.S.A. 65-4105(h)(1). The pro se Complaint filed by Shona Banda alleges that, during a 2015 school presentation in Garden City, Kansas about the effects of marijuana, her minor child told school employee Tyler Stubenhoffer that Banda and other adults in the residence, were "avid drug users and there was a lot of drug use occurring in his residence." (Dkt. 20, at 3). According to Banda, she uses marijuana or cannabis to treat her Crohn's Disease. This information was relayed to the Garden City Police Department (GCPD), which went to Banda's house to investigate. A warrant was issued and cannabis was removed from the property. The State of Kansas commenced a criminal prosecution of the defendant on June 5, 2015. These charges include endangering a child and manufacturing a controlled substance, and possession of marijuana with intent to distribute. Banda's minor child was found to be a child in need

of care and removed from the home.

Banda commenced this action alleging that, because many states have decriminalized marijuana possession, she has "a fundamental right [to] medical cannabis." (Dkt. 1, ¶ 25). She alleges that the prohibition of marijuana possession in Kansas violates her constitutional rights. The Complaint names as defendants Stubenhoffer and Garden City Unified School District 457; the GCPD and its Chief, James Hawkins; the State of Kansas; Governor Sam Brownback; and the Kansas Department for Children and Families (DCF) and its Secretary, Phyllis Gilmore.

All of the defendants have moved to dismiss the action. (Dkt. 19, 21, 25, 28). The court notes that in addition to their legal arguments, the DCF defendants have also presented factual contentions in support of their motion, and that Banda has not denied any of the following allegations of facts submitted by the defendants. Those facts indicate that Banda's son told the police that his mother produces marijuana extract pills which she sells to clients at the rate of 20 for $100; that her residence is frequented by card games in which all of the participants smoke marijuana, and that the son had been invited to smoke as well.

Defendants DCF and Gilmore seek dismissal arguing subject matter does not exist given the *Rooker-Feldman* doctrine, which supports dismissal of federal actions seeking to overturn state court decisions, *see Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006)); the need for abstention under *Younger v. Harris*, 401 U.S. 37 (1971) in order to avoid conflict with ongoing state court proceedings; and the "domestic relations exception" recognized

in *Vaughn v. Smithson*, 833 F.2d 63, 65 (10th Cir. 1989). With respect to Banda's substantive claim, they argue that Banda's substantive due process claim fails because no court has recognized any fundamental right to use marijuana, and in fact caselaw holds to the contrary. *See Raich v. Gonzales*, 500 F.3d 850, 855 (9th Cir. 2007) (federal law "does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering"). Finally, the defendants are protected by Eleventh Amendment immunity.

Defendants Brownback and the State of Kansas also argue that Banda's claims are barred by sovereign immunity and *Younger* abstention. Further, they argue, Tenth Circuit precedent precludes relief on the merits. *See Rutherford v. United States*, 616 F.2d 455, 457 (10th Cir. 1980) ("selection of a particular treatment, or at least a medication, is within the area of governmental interest in protecting public health" and the government has "authority to limit the patient's choice of medication").

Chief Hawkins and the GCPD have moved to dismiss under both the *Rooker-Feldman* doctrine and *Younger* abstention, on the grounds that Banda has no substantive due process right to use marijuana, and under the doctrine of qualified immunity.

Noting that the only allegation against the school involves the presentation of a drug program and Stubenhoffer's decision to send Banda's child to the principal's office, USD 457 and Stubenhoffer have moved to dismiss the action against them as impermissibly vague and conclusory under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and barred under the doctrine of qualified immunity. The defendants note that school officials have

3

an affirmative duty under Kansas law to cooperate with law enforcement agencies in cases of a child in need of care. K.S.A. 38-2226(g).

Plaintiff Banda has filed no response to any of the defendants' motions, all of which present prima facie valid arguments for the dismissal of the action. Accordingly, the present action is hereby dismissed pursuant to D.Kan.R. 7.4 and for good cause shown.

IT IS ACCORDINGLY ORDERED this 27th day of December, 2016, that the defendants' Motions to Dismiss, (Dkt. 19, 21, 25, 28) are hereby granted.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE